

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00161-CR

REX BAKER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2013-438,616, Honorable John J. "Trey" McClendon, Presiding

March 31, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Rex Baker appeals her felony conviction of driving while intoxicated (DWI) and its accompanying sentence of 78 years confinement. She moved to suppress evidence of her blood alcohol level. That level was determined via two samples. One involved a warrantless blood draw ordered by a state trooper and the other involved a draw taken for medical purposes while she was at a local hospital. Appellant had been taken to the hospital after being involved in a one-vehicle accident. The trial court denied her motion, and she contends that it erred. We affirm the judgment.

The record illustrates that appellant was involved in a one-vehicle accident on April 6, 2013 around 7:35 p.m. Both a deputy and state highway patrol trooper arrived at the scene. After being extracted from her vehicle, appellant was taken to University Medical Center in Lubbock. The trooper investigating the accident observed medical personnel treating appellant at the hospital. So too, did he hear appellant respond, "Well, what do you think I'm in here for?" when asked by those medical personnel if she had consumed alcohol. He also observed the odor of alcohol on her. Later, when he spoke to her himself, she told him she had drunk whiskey and waters. However, appellant refused to say how much alcohol she drank, refused to answer any other questions, and refused to give a blood specimen. Because the trooper knew she had multiple DWI convictions, he directed the hospital to perform a warrantless blood draw. The results showed her blood alcohol content to be .301. Blood was also drawn by hospital personnel for purposes of medically treating her injuries.

According to appellant, the warrantless blood draw was inadmissible. Assuming *arguendo* that is true, the trial court also admitted into evidence the results of the blood draw taken for medical purposes. It illustrated that her blood alcohol level was .278, a level far exceeding the legal limit. More importantly, appellant lacked an expectation of privacy in the blood draw taken for medical purposes by hospital personnel after the accident. *State v. Hardy,* 963 S.W.2d 516, 527 (Tex. Crim. App. 1997); *State v. Huse*, No. 07-12-00383-CR, 2014 Tex. App. LEXIS 2657, at *12-16 (Tex. App.—Amarillo March 6, 2014, pet. granted) (not designated for publication); *Kennemur v. State*, 280 S.W.3d 305, 311-12 (Tex. App.—Amarillo 2008, pet. ref'd). Thus, she lacked standing to complain of its use by the State or the State's effort to secure those results via a grand

jury subpoena. *Kennemur v.* State, 280 S.W.3d at 312 (stating that "[b]ecause Appellant has no constitutional or statutory reasonable expectation of privacy with respect to blood alcohol test results obtained solely for medical purposes following an accident, he has no standing to complain that the State obtained his medical records in violation of HIPAA.")

So what we have before us is a situation wherein evidence about which appellant cannot complain illustrates basically the same thing as evidence about which she complains. This circumstance likens to those where one complains of evidence but similar evidence was admitted elsewhere without objection. When that occurs, the purported error is deemed harmless. *Hamilton v. State*, 399 S.W.3d 673, 684 (Tex. App.—Amarillo 2013, pet. ref'd). Because appellant at bar has no standing to complain of the blood draw taken for medical purposes, she could not lawfully object to its use at trial. In other words, the latter was effectively admitted without legitimate objection or as if no objection was made. Given that, we cannot but find that any purported error caused by the admission of the blood draw taken via the trooper's directive was rendered harmless by admission of the results from the other blood draw.

Accordingly, the judgment is affirmed.

Per Curiam

Do not publish.